Good morning, your honors. May it please the court. Jerome Matthews from Mr. Furaha. Can you hear me? Yes. Okay, very well. I just want to note at the outset, I have gray hair as well. I just happened to shave it all off. Upholding the district court in this case would undermine Taylor and its progeny and improperly delegate interpretive authority to the sentencing commission that the Supreme Court recently said it does not have. The first step in the analysis here is obviously dictated by Mathis and the cases that preceded. It tells the court that the first item of business is to determine whether the statute has divisible elements or divisible means. And the Supreme Court directs that the court must look to the statute, not the guidelines, in making that decision. What Mathis tells you is that the elements are facts that are necessary to the conviction that the jurors must unanimously agree on. And that test is whether it could have been charged in the alternative in the same count. That's the 2255 of the Supreme Court's opinion. If not, it's an element. If it is, it's a means of committing the crime. I'm sorry, Judge Smith. Go ahead. Yeah, okay. Don't the model jury instructions foreclose your argument against divisibility in this case? They do not, Your Honor. And the reason is there's nothing saying what the jury has to be unanimous at all. The jury instructions don't really even contemplate what happens when you have multiple offenses charged in the same 924C count, which is precisely what has happened here and is precisely one of the guiding posts that OCHOA, this court's prevailing authority on the issue, as well as other cases from other circuits, demand. When you have two separate offenses charged in the same 924C count, OCHOA dictates as one of guiding posts for determining whether they're means or elements, that if they can be charged in the same count without being duplicitous, then that is very indicative that they are means rather than elements. And that's not true just for OCHOA. Let me ask you this then. The only other circuit I'm aware of to decide this exact issue is the Eighth Circuit under United States v. Williams. Correct. Why is that case wrongly decided? I believe it's wrongly decided for a number of reasons. One of them is very thin. They relied on their own precedent. I believe that's a case called United States v. Bowman and said, well, we determined it was an element there, so we're going to determine that drug trafficking crimes and controlled substance offenses are an element here. The other thing the court did not do was determine whether or not, as this court's president dictates, you could have had two offenses charged in the same count. It doesn't, though, in the OCHOA style of analysis, it doesn't determine whether there's any question about duplicity or not, and that is one of the major factors, both under this court's president as well as Mathis, that the court uses to make that decision. So there's just very little analysis whatsoever in the Williams case that suggests that it is binding or correctly decided. I want to give the court a very, very quick example of what I'm talking about. Let's say that a defendant possesses a certain type of drug which would be punishable as a felony under the Controlled Substances Act, and therefore a drug trafficking crime, and at the same time possesses a different drug with intent to sell it. If he has a gun to protect himself from being robbed of both drugs but only intends to possess one and intends to deal the other, a jury wouldn't sufficient to support a 924C count. That is precisely the problem that I think the court is facing here if we're to uphold the district court, because one of these clearly would not be a controlled substance offense and therefore would not trigger the type of enhancement that Mr. Faraja was hit with. Is that the argument that this statute is not divisible? No, there's others as well. Number one, you have a number of other signs. It uses the word any in terms of describing what a drug trafficking crime is. 924C directs the court to 21 U.S.C. 801 is that any of those underlying felonies is sufficient to justify a drug trafficking crime. That is a catch-all provision which under Mathis indicates indivisibility. The statute also prescribes a whether what it lists as a drug trafficking crime be it simple possession, be it dealing, be it using a telephone, be it having a specific type of flask. I mean you have all these disparate types of means to commit a 924C drug trafficking crime that all have the same punishment. The other thing in the Supreme Court's Rosamund versus U.S., didn't they address that fact and found that that was not a problem, the concept of using the word any? Well, but that's one of many indicators of indivisibility, Jeff Smith, and one of the things that Rosamund is actually cited heavily by Judge Breyer in his dissent from Mathis, his opinion was that well if you're charged with a controlled substance offense and you're actually found guilty of it because that's the only charge, that ought to be an element. He just really eschewed the distinction between facts, excuse me, means and elements, but the majority rejected that and that's precisely the analysis that ought to control here. I do want to reserve about two minutes for rebuttal. The district judge, your client was on supervised release to the district judge when he committed this, correct? That's correct. And the district judge had handled the plea on that prior case, correct? No, he did not, your honor. The prior case was Judge Wilken, I believe. It was reassigned to Judge Tiger for the offense. Okay, that's correct, but you know there's no, he sentenced him to a concurrent prison term on the supervised release one, correct? That's correct, I believe it was 18 months. You know, the district judge has a sentence in mind for what's the appropriate punishment for an individual who appears in front of him based on all the factors involved here. You know, aren't we really ignoring the reality and trying to go off into a fantasy land of what about this and what about that? I mean, if the district judge, if we reverse the district judge and send it back, couldn't he get to the same sentence by just running the prior supervised release sentence consecutively instead of concurrently? No, your honor, I mean the question here is whether there's been procedural error. Calculating the guidelines is a critical and important part, and if the court has incorrectly calculated the guidelines in its analysis. Right, but that's happened in your client's case the first time through. He was charged with selling the confession with intent to sell two felonies. I mean, you know, I'm still smarting from hearing from the Ninth Circuit that murder is not a crime of basis that didn't have anything to do with the facts of the case. Why are we talking more about what the facts are here? Because that's precisely what Mathis prohibits, your honor. Mathis is very, very clear that irrespective of the fact that judges may be upset and that the courts differ and it is counterintuitive that elements-based approach is the correct approach. I'm running it at about two minutes. I'm going to have to do that. You want to update the balance of your time for rebuttal? I do and also deal with the issue about the guidelines. Very well. Thank you. Very well. All right, then let's hear from Mr. Bogat. I apologize if I'm saying that wrong. That's correct, your honor. Good morning, your honors. Mikhail Bogat on behalf of the United States. This court should affirm Mr. Faraha's sentence and it can do so for two independent reasons. First is what we didn't get to with Mr. Matthews, which is that the portion of application note one that we're dealing with here that makes a 924c conviction a controlled substance offense when the underlying offense is a controlled substance offense is entirely consistent with the text of the guideline. And because of that, that application note was binding on the district court. And secondly, your honors, even if you don't consider that application note binding, this court should follow the Eighth Circuit in Williams and determine that 924c is a divisible offense. And under that analysis, you apply the modified categorical approach and modified categorical approach ends up with Mr. Faraha's previous conviction, which was involving, as Judge Lasnik mentioned, possession with intent to distribute a controlled substance offense. And your honor, as you know, Mr. Matthews has made the point that the Sentencing Commission really doesn't control here and delegated some authority. But when we determine whether a statute is divisible, are we really bound by what they say? What what role do they play in our analysis? So your honor, I think our position would be that you don't get to the category. If the court finds application note one binding in this case, you don't get to the categorical analysis at the same stage. So in this case, if the court finds the application note binding that any 924c offense where the underlying offense is a controlled substance offense is also a controlled substance offense, your categorical analysis then applies to the controlled substance offense, the underlying offense itself. And so in this case, it would apply to the 841 offense, which I think Mr. Faraha would not contest is categorically a controlled substance offense. So then we don't need to engage in a categorical analysis. And with respect to application note one, I think our our position would be that with under Stinson, under our, the application note here is controlling. And that's plain from the text of the application of the guideline itself. As we mentioned in our briefing, 4B1.2 does not say that controlled substance offenses are these enumerated list of items. It says that they that it prohibits these various things. And that we would submit is substantially more inclusive than if it had just said that it was it had specified a particular set of crimes. There's a little bit of talk in the briefing about sort of Vea Gonzalez and Crum and the Third Circuit and the and the other circuits that have decided cases relating to this application note after Kaiser. And I just want to make the point that application note one, what we're talking about here is a very large application note. There's nine paragraphs in it. And all those cases that we were talking about dealt with attempt, dealt with in code offenses. And I think there's a even even if you don't find that Crum or Vea Gonzalez is binding on this court, I think there's a way to decide this case without without having to deal with whether Kaiser sort of was intervening authority. And that is here we're talking about a 924 C offense where you have to have that controlled substance offense as a as a predicate to anything else that the person is accused of doing any other criminal conduct in the attempt context. And if you look at the Sixth Circuit decision, if you look at the Third Circuit decision, if you look at the DC Circuit decision, those courts were concerned with the idea that attempt just was not in the by putting that by putting the attempt in the commentary that the commission was going beyond the text of the of the guideline itself. Here you don't have that problem. And it's for that very reason, a controlled substance events in a 924 C context, the controlled substance offense, the completed controlled substance offense is already a part of the criminal conduct. Um, Council, just to be sure I understand to distill your argument. What is your best recommendation, your best argument that this statute is divisible for purposes of Taylor analysis? Your Honor, if the court moves to the divisibility analysis, and does not give the let's assume for now, we're not going to do that. I'm not saying we won't, but just say, say we go the other route. What's your best argument that this is a divisible statute? Your Honor, it's simply this means versus elements. The distinction is whether the government has to prove something beyond a reasonable doubt. And all of the cases that we've cited in the in this circuit and in other circuits, see, they indicate they're not like 924 C, but they all indicate that the specific predicate offense is is an element that the government has to prove beyond a reasonable doubt. And that is in Hector in Krauss in Rios in man, all of those cases that came out of this circuit, list the specific predicate offense, as one of the elements that the government would have to prove. And your honor, even in, even in the tensor case in rents, which is which Mr. Ross sites in his reply brief, even in that case, they say that court says virtually every every circuit has held that for each separate 924 C charge it pursues, the government must prove a separate crime of violence or drug trafficking offense. And virtually every circuit includes this one in Smith. And so that language indicates, especially when you're doing a categorical analysis of a federal law, that the courts, both this court and other circuits have treated the underlying predicate offense as an element. And if you treat the underlying offense as an element, then you apply the modified categorical approach and you look at the underlying offense here, which is possession, possession with intent to distribute. And the Mr. Faraha specific offense was a controlled substance offense. Unless the court has any further questions, we would ask that the court affirmed that Mr. Faraha sentence. Do either of my colleagues have additional questions for Mr. Very well, Mr. Matthews, you have some time. Thank you very much. I want to support, excuse me, respond very quickly to one of Judge last next comments. Again, I can certainly understand your potential frustration with this, but one thing I think the court needs to pay attention to is that the guidelines try to do exactly what you're you're feeling. It's hard to accommodate your feeling by introducing an amendment which have would have instructed the courts to actually look at the facts rather than the elements to look at the facts underlying and try and figure out what the conduct is and make a determination that amendment didn't pass. And to me, that's a is an explicit acknowledgement is any that the focus is precisely what matters says it is, which is on the elements of the offense. My colleague Mr. God says that the application note ought to control again. I have to disagree for a number of reasons. One, I don't think it can survive because it asks the court to do precisely what math is prohibited from doing. It says go behind the 924 C and determine what the underlying conduct is. And if it's a control of some defense, then that's what the 924 C is. That's precisely what Matthew said. Excuse me, Matthews. What math is says that you cannot do. I say that as well, but this is a Supreme Court that has the last word. So so is that is that your best response to Mr. God's argument why this is a divisible statute? Well, no, that's that's one of them. But again, your honor, you have some you have other indicators as well. And again, we have to go back to Ochoa and the number of other cases that have looked at this and including Mathis on page 2255 and 2256 of the opinion, I believe, where they talk about if it can be charged in one count, which is what happened here, which is what happened in a number of other cases. And it is not duplicitous. And the jury does not have to be unanimous. That is a very, very strong indication of divisibility. And that is what the what I'm stressing at the court auto poll here. Finally, I'm running out of time. I do want to you actually have run out of time. So let me ask my colleague whether either has additional questions for Mr. I do not know. No more. I'm sorry. I've got 25 seconds on my clock. Because it's red, not not green. So you've got over the time that my apologies. I'm sorry. I didn't read it. There are five seconds in other words. Thank you, gentlemen, both of you for your argument. Very helpful in this case. United States versus Barack is now submitted. Thank you both. Thank you.
judges: Wallace, M. Smith, Lasnik